UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DOHNOVAN K. DRAPER,

Plaintiff,

v.

SAN MATEO COUNTY JAIL, MAPLE
STREET CORRECTIONAL CENTER,

Defendant.

Case No. 26-cv-00043-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.  Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

United States District Court
Northern District of California

While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

The complaint names as defendant San Mateo County Jail – Maple Street Correctional Center.  The complaint makes the following allegations.  On October 15, 2025, the medical nurse gave Plaintiff another inmate's medication.  Later that night, medical staff informed him that he had been incorrectly given Rimron.  Plaintiff could not sleep all night due to his fear that he might not wake up in the morning or his concern that he had been harmed by taking incorrect medication.  Plaintiff seeks $1 million dollars in punitive damages.

**C.      Dismissal with Leave to Amend**

The Court DISMISSES the complaint with leave to amend because the complaint fails to state a claim.

The complaint fails to state an Eighth Amendment claim for deliberate indifference to an inmate's serious medical needs against San Mateo County.  Because Plaintiff is seeking to hold San Mateo County Jail – Maple Street Correctional Center liable for constitutional violations, he is alleging a municipal liability claim against San Mateo County, and the proper defendant for Plaintiff's municipal liability claim would be San Mateo County itself.  *Cf. Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara County Department of Corrections from § 1983 action and noting that "[t]he County is a proper defendant in a § 1983 claim, an agency of the County is not").  To state a cognizable municipal liability claim against San Mateo County, Plaintiff must allege facts from which it can be reasonably inferred that the constitutional violations were because of an expressly adopted official county policy, a long-

2

standing county practice or custom, or the decision of a final county policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013) (citing *Monell v. Dep't of Soc. Svcs.*, 436 U.S. 658 (1978)). There are no allegations from which it can be reasonably inferred that there is a policy or custom of giving inmates incorrect medication. There is no Section 1983 liability simply because San Mateo County employed or supervised the alleged wrongdoer. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (no respondent superior liability, or supervisory liability, under Section 1983, i.e., no liability under theory that one is liable simply because he supervises person who has violated plaintiff's right). Section 1983 liability may be imposed on a defendant only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

The complaint also fails to state a claim against the individual who gave Plaintiff the incorrect medication. Plaintiff has not specified whether he is a pretrial detainee or incarcerated pursuant to a conviction and sentence.

If Plaintiff is a pretrial detainee, any challenge to his conditions of confinement arise under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979) (pretrial detainee challenge to conditions of confinement is brought under Due Process Clause of Fourteenth Amendment). To prevail on a Fourteenth Amendment claim that a prison official is deliberately indifferent to a pretrial detainee's safety or health, the detainee must show that (1) the prison official made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the prison official did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the prison official's conduct obvious; and (4) by not taking such measures, the prison official caused the pretrial detainee's injuries. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-35 (9th Cir. 2018). "The mere lack of due care by a state official does not violate the Fourteenth Amendment. *Id.* The complaint fails to state a Fourteenth Amendment claim. At most the complaint alleges a lack of due care. There is no allegation that jail officials intentionally put Plaintiff at risk.

United States District Court
Northern District of California

If Plaintiff is incarcerated pursuant to a conviction and sentence, he may seek relief for deliberate indifference to his serious medical needs under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (deliberate indifference to prisoner's serious medical needs violates Eighth Amendment's proscription against cruel and unusual punishment). A prison official is deliberately indifferent to an inmate's serious medical needs, in violation of the Eighth Amendment if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). The complaint's allegations, at most, allege negligence which, as a matter of law, fails to state an Eighth Amendment claim. *Id.*

The Court notes that Plaintiff may not recover monetary damages if he has not suffered physical injury, as appears to be the case here. The Prison Litigation Reform Act requires physical injury in order to recover monetary damages. 42 U.S.C. § 1997e(e). However, Plaintiff may be able to recover nominal damages if his constitutional rights were violated. *See Carey v. Piphus*, 435 U.S. 247, 266-67 (1978 (nominal damages available for Section 1983 violation if jury fails to find actual damages); *Schneider v. County of San Diego*, 285 F.3d 784, 794 (9th Cir. 2002) (nominal damages must be awarded if plaintiff proves violation of constitutional rights).

In the interests of justice, the Court GRANTS Plaintiff leave to amend the complaint to state a cognizable claim, if there are factual allegations that would support such a claim. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (district court should grant leave to amend unless pleading could not possibly be cured by allegation of other facts).

### CONCLUSION

For the reasons set forth above, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the deficiencies identified above. The amended complaint must include the caption

4

and civil case number used in this order, Case No. 26-cv-00043 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010). Plaintiff may not incorporate material from the prior complaint by reference. Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. Failure to file an amended complaint in accordance with this order in the time provided may result in dismissal of this action without further notice to Plaintiff for failure to state a claim or failure to obey a court order. The Clerk shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   6/2/2026

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

5